FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
*Apr 29, 2016*
SUE BEITIA, CLERK



# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM K. OYADOMARI, | ) | Civil No. 16-00160 LEK/KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DISMISS |
| vs. | ) | THE COMPLAINT WITH LEAVE TO |
| | ) | AMEND AND DENY THE |
| STATE OF HAWAII, OAHU | ) | APPLICATION TO PROCEED |
| COMMUNITY CORRECTIONAL | ) | IN FORMA PAUPERIS |
| CENTER, | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

## FINDINGS AND RECOMMENDATION TO DISMISS THE COMPLAINT WITH LEAVE TO AMEND AND DENY THE APPLICATION TO PROCEED IN FORMA PAUPERIS

On April 4, 2016, Plaintiff William K. Oyadomari ("Plaintiff") filed a

Complaint with this Court, proceeding pro se and seeking relief for what appears to

be various constitutional claims against the State of Hawaii and the Oahu *Criminal*

Correctional Center. *See* ECF No. 1 (emphasis added). The Court assumes that

Plaintiff intended to name the Oahu Community Correctional Center ("O.C.C.C.")

not the Oahu *Criminal* Correctional Center, and will proceed based on that

understanding. Plaintiff has also filed two applications to move before the Court in

forma pauperis ("I.F.P.") pursuant to 28 U.S.C. § 1915, the first on April 8, 2016

("Application I") and the second on April 12, 2016 ("Application II"). *See* ECF No.

5, 6. Application I and II are nearly identical except that in one application Plaintiff

omitted a required response to a single question.  *Id*.  Because Applications I and II

are substantively requesting the same relief, the Court will consolidate both and rule

on them as one.  For the reasons that follow, the Court FINDS and RECOMMENDS

that the District Court DISMISS Plaintiff's Complaint and GRANT leave to amend

any potential claims arising under 42 U.S.C. section 1983 ("Section 1983") as

discussed below.  The Court also RECOMMENDS that the District Court DENY

Plaintiff's I.F.P. Application.

<u>BACKGROUND</u>

The Complaint consists of eight numbered paragraphs from which the Court

can discern four potential "claims."  *See* ECF No. 1 at 1.  First, paragraphs one

through three generally allege that the O.C.C.C. failed to provide adequate

clothing.  *Id*.  Specifically, Plaintiff claims that "each prisoner upon entry shall be

given a complete prisoner's uniform . . . staff did not give me clothes for 22 days

even with numerous [requests for clothes]."  *Id*.  Second, in paragraph four, Plaintiff

complains that he did not receive a razor necessary for grooming.  *Id*.  Third,

paragraphs five, seven, and eight appear to allege that the food offered at the

O.C.C.C. was both insufficient and of poor quality.  *Id*.  Specifically, Plaintiff states

that "three food meal(s) portions w[ere] not given to me," followed by a claim that

"food meal(s) were mainly cabbage soup with one portion, thumb size beef."  *Id*.

According to Plaintiff, the effect of the food conditions overall resulted in

"starvation" causing him to "lose thirty-three pounds while incarcerated at Hawaii-O.C.C.C. prison."  *Id.*  Finally, paragraph six states only that Plaintiff "made grievances" with respect to all of his complaints.  Plaintiff provides no further details and does not elaborate on the nature of the causes of action for which legal relief may be appropriate.  The events at issue correspond to an undated three-month period of incarceration, which occurred some time before Plaintiff filed his Complaint.  The Complaint was hand-dated March 31, 2016, but received by the Court on April 4, 2016.

Plaintiff requests $80,000 in damages from the State of Hawaii for pain and suffering he describes as being "treated worse than an animal."  ECF No. 1 at 2.

## STATUTORY SCREENING

Plaintiff has applied to the Court to proceed in forma pauperis.  A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  An applicant is entitled to in forma pauperis relief when he can show that he "cannot because of his poverty pay or give security for the costs [of litigation] and still be able to provide himself and dependents with the necessities of life."  *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948) (internal quotations omitted).  However, a court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the

proposed complaint that the action is frivolous, fails to state a claim on which relief

may be granted, or seeks monetary relief against a defendant who is immune from

such relief.  28 U.S.C. § 1915(e)(2); *see Tripati v. First Nat'l Bank & Trust*, 821 F.2d

1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir.

1998).  A complaint is frivolous if "it has no arguable substance of law or

fact." *Tripati*, 821 F.2d at 1370 (citations omitted); *Neitzke v. Williams*, 490 U.S.

319, 325 (1989).  The term frivolous "embraces not only the inarguable legal

conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325.

If the court dismisses the complaint, it should grant leave to amend even if no

request to amend the pleading was made, unless the court determines that the

pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*,

203 F.3d 1122, 1130 (9th Cir. 2000); *see also Tripati*, 821 F.2d at 1370.  Specifically,

"pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to

amend their complaint unless it is 'absolutely clear that the deficiencies of the

complaint could not be cured by amendment.'" *Tripati*, 821 F.2d at 1370 (quoting

*Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)).

## DISCUSSION

Although it is not entirely clear, Plaintiff's claims against the State of Hawaii

and the correctional facility, O.C.C.C., appear to allege constitutional violations

under Section 1983.  ECF No. 1 at 1.  Plaintiff seeks $80,000 in damages.  ECF No. 1

at 2.  Except for Plaintiff's statements associated with food conditions, the Complaint

fails to articulate any other cognizable claims.  Plaintiff also fails to name any proper

Defendants.  The Court therefore recommends that the Complaint be dismissed with

leave to amend on any potential claims under Section 1983, but that the claims

against the State of Hawaii and state agencies be dismissed with prejudice as failing

to state a legal claim.

I.   The Eleventh Amendment Bars Plaintiff's Claims Against the Named
     Defendants

It is well settled that under the Eleventh Amendment, a state is immune from

suit brought in federal court by its own citizens or citizens of other states.  *Papasan v.*

*Allain*, 478 U.S. 265, 275 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465

U.S. 89, 99 (1984).  Federal court actions against agencies or instrumentalities of a

state are also barred by the Eleventh Amendment.  *Shaw v. State of Cal. Dep't. of*

*Alcoholic Beverage Control*, 788 F.2d 600, 603 (9th Cir. 1986).  A suit against state

officials, in their official capacities, is the same as a suit against the state itself and

therefore is subject to the Eleventh Amendment.  *Kentucky v. Graham*, 473 U.S. 159,

166-67 (1985).

Unless the state unequivocally waives sovereign immunity or Congress

exercises its power under the Fourteenth Amendment to override the immunity, the

state, its agencies, and its officials (acting in their official capacities) are immune

from suit under the Eleventh Amendment.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst*, 465 U.S. at 99.

Accordingly, because Plaintiff's Complaint names the State of Hawaii and its agencies, the Court finds that these claims are barred by the Eleventh Amendment and cannot be cured.  *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

II.   Potential Claims Under 42 U.S.C. Section 1983

Although Congress has the power to abrogate a state's Eleventh Immunity, it did <u>not</u> do so in passing Section 1983.  *See Quern v. Jordan*, 440 U.S. 332, 342 (1979).  Thus, Eleventh Amendment sovereign immunity is applicable to Section 1983 litigation unless the suit seeks damages against a state official in his personal capacity.  *See Hafer v. Melo*, 502 U.S. 21, 30-31 (1991).

To the extent that Plaintiff intends to raise claims against the State of Hawaii, the Department of Public Safety ("D.P.S.") or the O.C.C.C. pursuant to 42 U.S.C. Section 1983, those claims fail because neither a state nor its agencies are considered "persons" for purposes of Section 1983.  *Will*, 491 U.S. at 71.

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618

(1979); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).  To sustain an action under Section 1983, a plaintiff must show (1) that the conduct complained of was committed by *a person* acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.  *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (emphasis added) (citation omitted); *West v. Atkins*, 487 U.S. 42, 48 (1988).  A governmental agency that is an arm of the state, such as a state's department of public safety, like the State itself, is not considered a person under Section 1983.  *Id.*  Several courts in other circuits have specifically found that prisons and correctional facilities lack "person" status for the purposes of satisfying a Section 1983 claim.  *See, e.g.*, *Fischer v. Cahill*, 474 F.2d 991, 992 (3d. Cir. 1973); *Marsden v. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893–94 (E.D. Va. 1992); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989); *Mitchell v. Chester County Farms Prison*, 426 F. Supp. 271, 274 (E.D. Pa. 1976); *see also Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991).  Because states, state agencies, and correctional facilities are not persons for purposes of Section 1983, Plaintiff's complaint fails under 42 U.S.C. 1983 to state a claim as a matter of law.  *See Kruse v. State of Hawaii*, 68 F.3d 331, 334 n.2 (9th Cir. 1995).

Accordingly, the Court recommends that: (1) the Complaint be dismissed; (2) the claims against the State of Hawaii and the O.C.C.C. be dismissed with prejudice as barred by the Eleventh Amendment; and (3) Plaintiff be granted leave to amend to name a proper Defendant pursuant to Section 1983 for any other remaining claims. *See Office of Hawaiian Affairs v. Dep't of Educ.*, 951 F. Supp. 1484, 1489-90 (D. Haw. 1996); *see also Kruse*, 68 F.3d at 334 n.2.

If Plaintiff chooses to file an amended complaint to raise claims under Section 1983, he must name a defendant considered a person under that section.  To the extent Plaintiff chooses to name a state official at the O.C.C.C., that individual would have to be properly named in his personal capacity.

III.   <u>Sufficiency of Pleadings</u>

Plaintiff is appearing pro se; consequently, the Court liberally construes the Complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).  The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66

F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

Although Plaintiff is proceeding pro se, Rule 8(a)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.") nonetheless requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  "The Federal Rules require that averments 'be simple, concise and direct.'"  *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting F.R.C.P. Rule 8(e)(1)).  While not requiring great detail, the rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint may be dismissed for failing to satisfy Rule 8(a), even when a Plaintiff provides sufficient detail, if the factual allegations supporting a cause of action are scattered throughout the complaint and not organized into a "short and plain statement of the claim."  *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also McHenry v. Renne*, 84 F.3d 1172, 1172 (9th Cir. 1996).

Plaintiff's allegations at paragraphs 5, 7 and 8, generally state claims for inadequate nutrition; however, the remainder of the pleadings otherwise fail to provide sufficient notice of the claims for which Plaintiff seeks relief.

Plaintiff's first paragraph alleges that Defendants were supposed to provide him with a prisoner's uniform and failed to provide him with clothes for 22 days. *See* ECF No. 1 at 1.  It is not clear however, whether Plaintiff is claiming that Defendants did not provide him with any clothes at all for 22 days, or whether he claims that they simply neglected to provide him with a uniform.  Plaintiff's second paragraph states only that the O.C.C.C. did not provide him with a razor. *Id.*  This statement does not amount to a recognizable legal claim.  The Court characterizes Plaintiff's statements in paragraphs five, seven, and eight as generally stating that the O.C.C.C. provided inadequate nutrition.  The Court finds that Plaintiff generally articulates a claim for inadequate nutrition; however, the Court notes that it cannot discern from item 5 whether Plaintiff intends to convey that he was deprived of three meals per day or three total meals.

Paragraph six of Plaintiff's Complaint states simply that Plaintiff "made grievances," while incarcerated at the O.C.C.C.  Without more information, it is unclear based on Plaintiff's plain statement whether he filed grievances in conformance with the D.P.S.'s formal grievance procedure, to which he is bound during his period of incarceration pursuant to the Prison Litigation Relief Act

("P.L.R.A."), or whether he simply expressed dissatisfaction. *See* D.P.S. Policies and Procedures Manual (1992) § 493.12.03 (4.0) (defining the boundaries of proper exhaustion of remedies). Because the P.L.R.A. directs Plaintiff's and the O.C.C.C.'s compliance with the agency's own established grievance process during the period of incarceration, and Plaintiff's statement provides insufficient detail to determine whether D.P.S. failed to adhere to its own policy, the Court cannot determine if D.P.S. denied Plaintiff sufficient procedural safeguards through the administrative process necessary to establish a claim. If Plaintiff chooses to raise this claim in any amended pleadings, he must address the specific steps he took as prescribed by the grievance policy and detail the alleged deficiencies in the prison's response so that the Court can properly assess whether there is a viable claim. The Court notes, however, that even if Plaintiff details the grievance deficiencies, he must still state a proper party for the purposes of Section 1983 because this claim as raised against the State or the O.C.C.C. is Eleventh Amendment barred.

Plaintiff's future amendments to the Complaint must comply with the pleading standards articulated above and described in detail in F.R.C.P. Rule 8.

IV.   <u>Application</u>

The Court recommends that, given the dismissal of the Complaint, Plaintiff's I.F.P. Application be denied. If Plaintiff timely files an amended complaint, he may file a new application to proceed without payment of costs.

## CONCLUSION

The Court recommends that the Complaint be dismissed and that Plaintiff be granted leave to file an amended complaint to name a proper Defendant with respect to any Section 1983 claims, and to address the pleading deficiencies above, no later than thirty days from the District Court's decision on this Finding and Recommendation. Any amended complaint must comply with F.R.C.P. Rule 8, must assert a jurisdictional basis, and must set forth legal causes of action. Plaintiff is advised that Local Rule 10.3 requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court." Local Rule 10.3. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Thus, if Plaintiff files an amended complaint, the Complaint no longer serves any function in the case.

In accordance with the foregoing, the Court makes the following recommendations:

1) DISMISS Plaintiff's claims against the State of Hawaii and the O.C.C.C. with prejudice, but;

2) GRANT Plaintiff leave to file an amended complaint curing the deficiencies identified above no later than thirty days from the District Court's decision on this Findings and Recommendation;

3)     DENY Plaintiff's I.F.P. Application with leave to file another

Application if he chooses to file an amended complaint;

4)     DIRECT the Clerk of the Court to forward a copy of the court's

approved civil rights complaint form and instructions to Plaintiff so that

he may comply with this Order and submit a proposed amended

complaint.


IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, April 29, 2016.




  /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge


Oyadomari v. State of Hawaii, Oahu Criminal Correctional Center, CV 16-00160 LEK-KJM,
Findings and Recommendation (1) Dismissing Complaint with Leave to Amend, and (2) Denying
Application to Proceed Without Prepaying Fees and Costs.