IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM K. OYADOMARI, | ) | CIVIL 16-00160 LEK-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF HAWAII, OAHU COMMUNITY CORRECTIONAL CENTER, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER TO CLOSE CASE**

On March 21, 2016, pro se Plaintiff William K. Oyadomari ("Plaintiff") filed a Complaint against Defendants State of Hawaii ("the State") and "Oahu Criminal Correctional Center"[1] ("OCCC," collectively "Defendants").  [Dkt. no. 1.]  On April 29, 2016, the magistrate judge issued his findings and recommendation to dismiss the Complaint with leave to amend ("F&R").  [Dkt. no. 9.]  The F&R noted that Plaintiff sought $80,000 in damages and that the Complaint appeared to allege constitutional violations pursuant to 42 U.S.C. § 1983.  [F&R at 3-4.]  The F&R recommended that Plaintiff's claims against the State and OCCC be dismissed with prejudice because those claims are barred by the Eleventh Amendment to the United States Constitution and because neither the State nor OCCC is a "person"

---

[1] This Court assumes that Plaintiff intended to name the Oahu Community Correctional Center.

for purposes of a § 1983 claim for damages.  The F&R also recommended that Plaintiff be granted leave to amend to name a proper defendant for his § 1983 claims – a state official at OCCC in his personal capacity.  [Id. at 5-8.]

On May 17, 2016, this Court issued an order adopting the F&R as the opinion and order of this Court ("5/17/16 Order"). [Dkt. no. 10.]  Plaintiff had thirty days from the filing of the 5/17/16 Order – in other words until June 16, 2016 – to file an amended complaint that cured the deficiencies identified in the F&R.  [F&R at 12.]  As of the date of this Order, Plaintiff has neither filed an amended complaint nor submitted any other document since the filing of the 5/17/16 Order.  This Court, however, notes that, on May 25, 2016, Plaintiff filed a Complaint for Violations of Civil Rights in Oyadomari v. Hoffman, et al., CV 16-00262 LEK-RLP ("CV 16-262"), and some of the factual allegations in the CV 16-262 complaint are the same as the factual allegations in this case.

This Court previously dismissed Plaintiff's claims in this case with prejudice, and Plaintiff failed to either file an amended complaint asserting § 1983 claims against proper defendants or to request more time to file an amended complaint. Thus, Plaintiff has no remaining claims in this case.  This Court therefore DIRECTS the Clerk's Office to close this case immediately pursuant to the 5/17/16 Order and the instant Order.

This Court emphasizes that this Order does not address the merits of Plaintiff's claims in CV 16-262.

        IT IS SO ORDERED.

        DATED AT HONOLULU, HAWAII, July 28, 2016.



        /s/ Leslie E. Kobayashi
        Leslie E. Kobayashi
        United States District Judge

**WILLIAM K. OYADOMARI VS. STATE OF HAWAII, ET AL; CIVIL 16-00160 LEK-KJM; ORDER TO CLOSE CASE**